## Kirby's Estate

*Paul Bedford*, for petitioners.

HOURIGAN, P. J., April 28, 1944.—This matter is now before the court upon petition of the executors of

the estate of Fred M. Kirby, deceased, for the appointment of a trustee durante absentia for Sumner M. Kirby.

A hearing was fixed for April 25, 1944, at 10 a.m., notice thereof having been given by publication in a newspaper of general circulation, published in Luzerne County, and in the Luzerne Legal Register as provided for in the act of assembly.

From the evidence taken at the hearing and an agreed statement of facts submitted in writing between the executors and the guardian ad litem of Sumner M. Kirby, we find:

1. That Sumner M. Kirby has been absent from his usual place of abode for upwards of two years and his whereabouts have not been known for the space of over one year.

2. That the greater portion of his estate is within the jurisdiction of this court.

3. That there is presently due to the said Sumner M. Kirby from the estate of his father, Fred M. Kirby, a cash legacy of $150,000.

4. That O. H. Dilley, Esq., was appointed by this court guardian ad litem of Sumner M. Kirby on February 2, 1944, and he joins in asking that a trustee durante absentia be appointed for the said Sumner M. Kirby.

Decedent, when he made his will, realized that involved inheritance tax problems would arise in his estate. Being mindful of this fact and the Act of June 24, 1939, P. L. 714, sec. 1, he made the following provision in his will:

"If in the opinion of my executors, exigencies of settlement should require retention of any of the legacies of principal sums (including the trusts which are to produce annual income) beyond the period of one year from my death, they may so retain until they deem it safe to pay the same, and without liability on their part or that of the estate for interest. Such retention, how-

ever, shall not be for more than two years after my death except upon authority of the Orphans' Court of Luzerne county."

When the two-year period was about to expire a petition was presented to this court asking for authority to extend the time for the payment of the legacies beyond the two-year period. The court did not make the order. It now believes that the retention was necessary. It was clearly the expressed intention of decedent that interest should not begin to run upon the cash legacies until such time after two years as the executors or the court should deem it safe to pay the same.

The guardian ad litem asked that interest be allowed upon the legacy from two years after the date of the death of Mr. Kirby, contending that such interest is provided for in the Act of June 24, 1939, P. L. 714, sec. 1. The act provides that "interest (shall be paid) at the legal rate or at the rate earned by the particular estate out of which such legacies are payable, whichever shall be less."

We find as a fact that the first day the executors deemed it safe to pay the said legacies after settlement had been made with the Federal inheritance tax authorities was May 27, 1943. The retention of all assets of the estate until that date was without liability for interest upon legacies.

On that date, because his whereabouts were unknown and the legacy could not be paid to him, the executors invested the amount thereof in legal securities, namely, United States Treasury 1¾ Percent Bonds, due on June 15, 1948. It was the proper and patriotic thing for them to do. High rates of interest could not at that time be obtained from securities in which it was lawful for fiduciaries to invest. Under these circumstances we will allow interest on the legacy at the rate of 1¾ percent from May 27, 1943, that being the amount earned by the estate out of which the legacy is payable.

We commend the guardian ad litem for the services rendered by him in this matter.

It is a proper case for the appointment of a trustee durante absentia.

Miners National Bank of Wilkes-Barre, Pa., is appointed trustee durante absentia of Sumner M. Kirby, bond with itself as surety to be furnished in the sum of $300,000. The executors are authorized to pay the said legacy of $150,000 to the Miners National Bank of Wilkes-Barre, Pa., trustee durante absentia, together with interest at the rate of 1¾ percent per annum from May 27, 1943. The report of O. H. Dilley, guardian ad litem, is approved, and his compensation is fixed at $750, which amount the said trustee durante absentia is directed to pay, together with all other costs in connection with these proceedings.